CARLYLE M. BAEHNE, Appellant, v. INDEPENDENT SCHOOL DIS-
TRICT OF MANLY et al., Appellees.

INJUNCTION:   Temporary Injunction—Vaccination of School Chil-
dren.   The appellate court will be slow to interfere with an order
by the trial court refusing a temporary injunction against the en-
forcement by a school board of its order which temporarily ex-
cluded unvaccinated pupils from the public school; and especially
will the appellate court decline to disturb such refusal when it af-
firmatively appears that the order of the board has expired *ex vi
termini*.

Headnote 1:  4 C. J. p. 803.

*Appeal from Worth District Court.*—M. H. KEPLER, Judge.

MARCH 16, 1926.

SUIT in equity to enjoin the defendants from enforcing
against the plaintiff a certain official order requiring vaccina-
tion of school pupils, as a condition to their admission to the
schools of Manly, pending an epidemic of smallpox. The peti-
tion was presented to a district judge in vacation, as an appli-
cation for the issuance of a temporary writ of injunction.  The
application for temporary writ was resisted by the defendants,
and was refused by the judge.  The plaintiff has appealed.—
*Affirmed.*

*Urbane L. Barrett* and *J. E. E. Markley,* for appellant.

*Paul G. Thonn* and *O. J. Wardwell,* for appellees.

*Ben J. Gibson,* Attorney-general, and *Herbert A. Huff,*
Assistant Attorney-general, for state of Iowa, *Amici Curiae.*

EVANS, J.—The petition was directed against the Inde-
pendent School District of Manly and its board of directors,
and against the mayor of the town of Manly, as chairman of its
board of health.  On January 1, 1925, the school board of the
Independent School District of Manly held a special meeting,
and entered of record the following proceedings:

"Special meeting, January 1, 1925.  Special meeting of the
board was held in the president's office at 7:30 P. M. Mitchell

was absent. The purpose of the meeting was to act on the advice of the state health department in regard to vaccination. After some discussion the following resolution was adopted: All scholars, teachers, and janitors are required to be vaccinated before they can attend school. Said vaccinations must not be over three years old. Any person who has had smallpox does not have to be vaccinated. Positive proof of vaccination or immunity from smallpox must be presented.''

On January 6, 1925, it entered upon its records the following proceedings:

''Regular meeting, January 6, 1925. Regular monthly meeting of the board was held in the president's office. The board instructed the superintendent to rigidly enforce the rules in regard to vaccination during the present school year.''

The petition was filed January 21st, and a hearing on the application for temporary injunction was had on January 26th. It was averred in the petition that the plaintiff was a school pupil, eight years of age, who had been forbidden to attend school except upon vaccination; that he was in such a state of health that he could not safely undergo vaccination; that, on the contrary, vaccination would involve great danger to his life; that, because of his refusal to submit to vaccination, the resolution of the school board operated to his exclusion. It was also averred that there was no epidemic of smallpox in or about the town of Manly, and hence that there was no occasion for the order.

The evidence at the hearing was without substantial dispute that smallpox was prevalent in and about Manly to a dangerous degree, and had been so prevalent for several days prior to January 1st. One doctor testified, as a witness, that he had thirteen smallpox patients whom he had visited the preceding day.

Some argument has been devoted to the question whether the school board had any authority to compel the plaintiff *to be vaccinated*. Such is not the question in the case. The plaintiff was not vaccinated, nor did anyone threaten to vaccinate him. The ultimate question to be presented is whether the school board may temporarily exclude from the schools any child whose presence in school may be injurious to the health of other

pupils or to the welfare of the school. Whatever power the board has in that regard is conferred by Section 4270, Code of 1924, which provides as follows:

. "The board may exclude from school any incorrigible child or any child who in its judgment is so abnormal that his attendance at school will be of no substantial benefit to him, or any child whose presence in school may be injurious to the health or morals of other pupils or to the welfare of such school."

The question before the district court was the preliminary one, whether injury to the plaintiff was so imminent as to require the court to order a temporary injunction upon a preliminary hearing. Upon such a hearing, the district judge necessarily has a considerable discretion. He is not required, in such a hearing, to determine the ultimate merits. Nor will a purported finding upon the merits for the purpose of a temporary injunction be binding upon the court which must hear the case upon its final merits. The appeal is from the order denying the temporary writ of injunction. Such denial is the only appealable order in the record. The main case is still pending in the district court for final trial. That the temporary exclusion from school of this unvaccinated child during an epidemic of smallpox does not present a compelling case for a temporary writ of injunction, seems to us plain. The refusal of such temporary injunction was a proper exercise of the discretion vested in the district judge. Having so found, it would not be proper for us to anticipate the trial of the main case by expressing opinion upon questions which we cannot herein adjudicate. Nor are we disposed to offer undue encouragement to an appeal from an order refusing temporary injunction, unless such appeal is reasonably necessary to the protection of the appellant from imminent injury.

When it is further considered that more than one year had elapsed since the entry of the order appealed from, before the appeal was submitted to us, and that the main case had presumably lain dormant in the district court during all that period, and that the time during which the resolution under complaint was to be effective has long since expired, we see nothing left in the case but a moot question.

The order appealed from is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.